**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL GIBBS,
                    Appellant,

            v.

DEPARTMENT OF THE INTERIOR,
                    Agency.

DOCKET NUMBER
DC-3443-14-1062-I-1

DATE: February 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Gibbs, Haymarket, Virginia, pro se.

Kerry E. Creighton, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    In *Gibbs v. Department of the Interior*, MSPB Docket No. DC-3330-12-0721-I-2, Final Order (Sept. 4, 2014), the Board affirmed the administrative judge's decision to dismiss the Veterans Employment Opportunities Act of 1998 appeal for lack of jurisdiction.  Noting the appellant's contention on review that the administrative judge failed to address certain senior executive service positions for which he had applied, and his concomitant assertion that the agency's decision not to select him for various positions was due to his military status and/or his whistleblower status, the Board forwarded these claims to the Washington Regional Office for docketing as a new appeal.  *See id.*, ¶ 6.  It appears that the appellant filed the instant appeal pursuant to that order, and he only asserted therein that the agency's actions were a violation of his First Amendment rights and constituted a prohibited personnel practice pursuant to 5 U.S.C. § 2302(b)(11).  *See* Initial Appeal File (IAF), Tab 1.

¶3    The administrative judge issued an acknowledgment order which explained that the Board has jurisdiction over nonselections in limited circumstances, for

instance, when there is an allegation that the agency's decision was made in retaliation for whistleblowing, was the product of discrimination based on uniformed service, or was a violation of the applicant's veterans' preference rights, and she cited some relevant statutory provisions. *See* IAF, Tab 2 at 2-3. The administrative judge ordered the appellant to file evidence and argument to prove that the appeal was within the Board's jurisdiction. *Id.* at 3. However, the appellant did not respond to this order.

¶4 The agency filed a submission arguing that the Board lacks jurisdiction over the appeal. *See* IAF, Tabs 5-6. In pertinent part, the agency noted that the appellant: (1) stated in his initial appeal paperwork that he was not entitled to veterans' preference; (2) did not claim that he was discriminated against based on military service; and (3) failed to show that he exhausted his administrative remedies with the Office of Special Counsel (OSC) regarding a whistleblower reprisal claim. *See* IAF, Tab 5 at 10. The appellant filed a subsequent submission, in which he acknowledged that the positions for which he had applied were "not subject to Veteran[s'] preference," but he did not address any of the agency's other assertions. *See* IAF, Tab 7. The appellant also filed a motion to compel. *See* IAF, Tab 8.

¶5 The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction without holding a hearing. IAF, Tab 9, Initial Decision (ID). In pertinent part, the administrative judge noted that the appellant "steadfastly asserted that his claims involve prohibited personnel practices, not his status as a veteran," he has not articulated any basis for the Board's jurisdiction in connection with discrimination based on prior military service, and 5 U.S.C. § 2302(b) does not provide an independent basis for Board jurisdiction. ID at 2-3. The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 3-4. On review, the appellant for the first time references, among other things, "disclosures" that he allegedly made to the Office of the

Inspector General and OSC, and he appears to quote from 5 U.S.C. § 2302(b)(8). *See* PFR File, Tab 1 at 4-5. He also includes a copy of the agency's discovery requests and his responses thereto. *See id.* at 6-27.

¶6 It appears that the appellant may be asserting, for the first time on review in this matter, that he was not selected for various positions in reprisal for whistleblowing activity. Based on our review of the record, we conclude that the appellant was given sufficient notice of his jurisdictional burden for a claim of reprisal for whistleblowing activity and that he did not meet his jurisdictional burden. The acknowledgment order identified a claim of reprisal for whistleblowing activity as one circumstance in which the Board may have jurisdiction over a nonselection, *see* IAF, Tab 2, but none of the appellant's submissions made any assertions in this regard. Moreover, the agency's submission informed the appellant that he was required to show that he exhausted his administrative remedies with OSC. *See* IAF, Tab 5 at 10; *see, e.g.*, *Nichols v. Department of the Interior*, 69 M.S.P.R. 386, 388-89 (1996). Finally, we take official notice that, in *Gibbs v. Department of Homeland Security*, MSPB Docket No. DC-1221-11-0564-W-1, Initial Decision (Aug. 22, 2011),[2] the appellant was apprised of his jurisdictional burden for a claim of reprisal for whistleblowing activity. *See* 5 C.F.R. § 1201.64; *see also Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 5 n.4 (2010) (the Board may take official notice of matters that can be verified, including documents or actions in other Board appeals).

¶7 Having found that the appellant had sufficient notice of his jurisdictional burden in this regard, we further find that, in the absence of any evidence that he exhausted his administrative remedy with OSC, the Board lacks jurisdiction over any assertion that the nonselections were based on reprisal for whistleblowing

---

[2] The appellant's individual right of action appeal was dismissed for lack of jurisdiction because he failed to exhaust administrative remedies with OSC. It does not appear that the appellant filed a petition for review or appeal of that initial decision.

activity. *See, e.g.*, *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). We also agree with the administrative judge that the Board lacks jurisdiction over the appellant's remaining claims for the reasons described in the initial decision. *See, e.g.*, *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).[3]

¶8    It does not appear that the administrative judge ruled on the appellant's motion to compel below. *See* IAF, Tab 8; *see also* ID. We deny the motion to compel because it did not comply with 5 C.F.R. § 1201.73(c). In pertinent part, the motion did not include, among other things, a copy of the appellant's original discovery requests, the agency's responses thereto, or a statement that he has discussed or attempted to discuss the anticipated motion with the agency and made a good faith effort to resolve the discovery dispute and narrow the areas of disagreement.

¶9    Finally, we need not consider the appellant's responses to the agency's discovery requests, submitted on review, because the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence, *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980), and the appellant has not made such a showing.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[3] To the extent that the appellant is raising allegations of race and/or age discrimination for the first time on review, *see* PFR File, Tab 1 at 4, the Board also lacks jurisdiction over such allegations.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                   _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.